UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARK CLEMENT, | Case No. 2:17-CV-2787 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| CAROLYN W. COLVIN, et al., | |
| Defendant(s). | |

Presently before the court is defendants Comerica Bank ("Comerica") and Xerox Corporation's ("Xerox") motion to dismiss. (ECF No. 17). Plaintiff Mark Clement filed a response (ECF No. 20), to which Comerica and Xerox replied (ECF No. 25).

Also before the court is defendants United States of America ("United States"), Comerica, and Xerox's (collectively "defendants") motion to dismiss. (ECF Nos. 33, 34). Clement filed a response (ECF No. 42), to which the United States replied (ECF No. 44).

Also before the court is the parties' stipulation to extend time. (ECF No. 43).

**I.     Facts**

Clement has brought forth this action challenging the Social Security Administration ("SSA") and, its agent, Comerica's refusal to refund $43,805.82 of social security benefits. (ECF No. 1).

In 2012, Clement filed an application for social security benefits. (ECF Nos. 1, 33). The SSA granted Clement's application in 2015 and authorized Comerica to issue a prepaid debit card containing benefits that had accrued while the SSA was considering Clement's application. (ECF No. 33). Clement alleges that Comerica negligently mailed the prepaid debit card to 2650 Cavalry Street, Pahrump, Nevada, rather than to his actual address at 1650 Cavalry Street, Pahrump,

**James C. Mahan**
**U.S. District Judge**

Nevada. (ECF No. 1). Clement further alleges that, due to Comerica's negligent mailing, a third party accessed the prepaid card and successfully spent $43,805.82. *Id*.

After discovering the allegedly fraudulent transfers, Clement contacted Comerica's Fraud Services Department and filed a claim in order to recoup his social security benefits. *See* (ECF No. 42-1). On March 7, 2016, the Fraud Services Department denied Clement's claim on the grounds that it completed an investigation on the matter and could not confirm that fraud occurred. (ECF No. 42-2).

Clement alleges that he also filed a formal complaint with the SSA, to which the SSA did not respond. (ECF No. 1). Clement further alleges that at some later time his attorney called the SSA and a call center representative stated that an attorney would be in contact by January 6, 2017. (ECF No. 1). On May 5, 2017, Clement sent the SSA a final notice stating that the SSA has not sent any correspondence regarding the complaint. (ECF No. 42-4). The notice also informed the SSA that if Clement did not hear from the SSA in 30 days then he would consider the complaint denied and seek legal remedies. *Id.*

On November 3, 2017, Clement initiated this action, alleging three causes of action: (1) judicial review pursuant to 42 U.S.C. § 405(g), (2) declaratory relief, and (3) negligence pursuant to the Federal Tort Claims Act ("FTCA"). (ECF No. 1). Now, the United States, Comerica, and Xerox move to dismiss all three causes of action. (ECF Nos. 17, 33, 34).

**II.     Legal Standard**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.,* 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

**III. Discussion**

As a preliminary matter, the court will grant the parties' stipulation to extend time (ECF No. 43) as an extension will further the judicial purpose of deciding defendants' motion to dismiss (ECF No. 33) on the merits. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010).

Defendants argue that the court lacks subject matter jurisdiction over Clement's first and third causes of action. (ECF No. 33). The court agrees.

   *a. Judicial review pursuant to 42 U.S.C. § 405(g)*

Under 42 U.S.C. § 405(g), federal courts are empowered to review only the "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g) (emphasis supplied); *see Califano v. Sanders*, 430 U.S. 99, 108 (1977) (analyzing a predecessor statute). A claimant obtains a final decision only after completing the following steps of the administrative review process: (1) an initial determination; (2) reconsideration; (3) a hearing before an administrative law judge; and (4) review by the Appeals Council. *See* 20 C.F.R. § 416.1400(a)(1)–(5); *see also Lopez v. Gumushyan*, No. 16-CV-07236-LB, 2017 WL 2118313, at *3 (N.D. Cal. May 16, 2017) (citing *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003).

Here, Clement does not allege that he completed the four-step administrative review process, nor has he provided a final, reviewable decision by the Appeals Council. (ECF No. 1). Accordingly, the court does not have subject matter jurisdiction over Clement's claim for judicial review pursuant to 42 U.S.C. § 405(g*). See Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1144–

45 (9th Cir. 2010) (holding that federal courts may not assert jurisdiction over claims under Section 405(g) where plaintiffs do not allege that they exhausted the administrative process).

    *b. Negligence*

The FTCA creates "a limited waiver of the United States' traditional sovereign immunity, authorizing third parties to file certain civil tort suits against the government for monetary damages." *Vickers v. United States*, 228 F.3d 944, 948 (9th Cir. 2000). The FTCA's waiver does not include claims "arising out of the loss, miscarriage or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *see also Anderson v. USPS*, 761 F.2d 527, 528 (9th Cir. 1985) (holding that claim against USPS for loss of package was barred by sovereign immunity and the FTCA).

Under § 2690(b), the court does not have subject matter jurisdiction over Clement's negligence claim because it arises out of Comerica's alleged negligent mailing of a prepaid debit card. (ECF No. 1). Moreover, even if § 2690(b) did not bar Clement's claim, the record suggests that he failed to satisfy the FTCA's administrative exhaustion requirement prior to filing suit. *See* 28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").

    *c. Declaratory Relief*

Declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, is merely a remedy that the court may grant after plaintiff has established and proven its case. It is not an independent, substantive cause of action. *See Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Accordingly, because the court does not have subject matter jurisdiction over Clement's claims for judicial review and negligence, the court will dismiss Clement's claim for declaratory judgment.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Comerica and Xerox's motion to dismiss (ECF No. 17) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that the United States, Comerica, and Xerox's motion to dismiss (ECF No. 33) be, and the same hereby is, GRANTED without prejudice.

IT IS FURTHER ORDERED that the parties' stipulation to extend time (ECF No. 43) be, and the same hereby is, GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED November 28, 2018.

UNITED STATES DISTRICT JUDGE